IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HANCOCK WHITNEY BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) CIVIL ACTION NO. 1:24-00143-KD-MU |
| | ) |
| **FLC LIVING, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on sua sponte review of the docket. On May 28, 2024, Defendants FLC Living, LLC ("FLC Living"), Invinci Corporation ("Invinci"), MJO Properties, LLC ("MJO Properties"), and Michael A. Harry ("Harry") were served with the summons and a copy of the complaint. (Docs. 3–6). On June 12, 2024, Harry filed an answer to the complaint. (Doc. 8). A review of the answers filed by FLC Living, Invinci, and MJO Properties, which were filed that same day, indicates that Harry also prepared and signed the answers on behalf of these artificial entity defendants. (See Docs. 7, 9–10).

Harry, as an individual, may proceed pro se, that is, without counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein."); S.D. Ala. GenLR 83.2 ("Unless appearing *pro se* or through counsel under General Local Rule 83.3(f) or (g), all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court."). However, "[o]nly natural persons may appear *pro se*." S.D. Ala. GenLR 83.2; Class v. U.S. Bank Nat'l Ass'n, 734 F. App'x 634, 636 (11th Cir. 2018) ("The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others."). "The rule is well established that a

corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). "The general rule applies even where the person seeking to represent the corporation is its president and major stockholder." Id. Limited liability companies ("LLCs") may also only appear in federal court through a licensed attorney. Lattanzio v. COMTA, 481 F.3d 137, 140 (11th Cir. 2007). Because only licensed counsel may represent a corporation or LLC, the answers filed by Defendants FLC Living, (Doc. 7), Invinci, (Doc. 9), and MJO Properties, (Doc. 10), are **STRICKEN**. FLC Living, Invinci and MJO Properties shall file amended answers that comply with this Order on or before **July 9, 2024**. FLC Living, Invinci, and MJO Properties are warned that failure to obtain licensed counsel to appear and defend this action may result in the entry of default and the entry of a judgment by default.

The Clerk is directed to mail a copy of this order by First-Class Mail to:

FLC Living, LLC
c/o Michael A. Harry, Executive Director
602 Azalea Road
Mobile, Alabama 36609

Invinci Corporation
c/o Michael A. Harry, President
6211 Madison Avenue
Berkeley/St. Louis, Missouri 63134

MJO Properties, LLC
c/o Michael A. Harry, Managing Member
2 Royal Birkdale Court
O'Fallon, Missouri 63366

**DONE** and **ORDERED** this **18th** day of **June 2024**.

 s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**